# In the United States Court of Federal Claims

No. 24-242

Filed: June 17, 2024

| |
|---|
| **DR. AHMAD ALJINDI,** |
| *Plaintiff,* |
| v. |
| **THE UNITED STATES,** |
| *Defendant.* |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Dr. Ahmad Aljindi ("Dr. Aljindi") seeks $65.4 million as compensation for a Fifth Amendment takings claim and alleged retaliation by the Small Business Administration ("SBA"). (Compl. at 1–19, ECF No. 1). Simultaneously with the filing of his Complaint, Dr. Aljindi moved for summary judgment, repeating his claims, and further arguing the United States could not present "any persuasive evidence to defend" against his takings and retaliation claims. (*Compare* Compl. at 2–19, *with* Pl.'s Mot. for Summ. J. at 3–21, ECF No. 4).

Before the Court is the United States' Motion to Dismiss pursuant to Rules of the Court of Federal Claims ("RCFC") 12(b)(1) and (6). (Def.'s Mot., ECF No. 22). Because the Court finds that it lacks subject-matter jurisdiction and that Dr. Aljindi failed to state a claim upon which relief can be granted, the United States' Motion to Dismiss, (ECF No. 22), is granted and Dr. Aljindi's Motion for Summary Judgment, (ECF No. 4), is denied as moot. For reasons discussed below, the Court also dismisses Dr. Aljindi's retaliation claim.

Determining the Court's jurisdiction over a claim is a threshold inquiry. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a); *see also United States v. Testan*, 424 U.S. 392, 399 (1976). The burden of establishing subject-matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Typically, the Court holds pro se plaintiff's pleadings to "less stringent standards" than those of lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but pro se plaintiffs must still meet their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). If the Court determines that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

When faced with a motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), dismissal "is warranted when, assuming the truth of all allegations, jurisdiction over the subject matter is lacking." *Palafox St. Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 779 (2014) (internal citation omitted). To ascertain the propriety of its exercise of jurisdiction over a case the Court may look to evidence outside of the pleadings. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991), *aff'd in relevant part*, *Martinez v. United States*, 281 F.3d 1376 (Fed. Cir. 2002). Further, dismissal is warranted under RCFC 12(b)(6) when "the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Importantly, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (Internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.

Dr. Aljindi claims that he pioneered research of the relationships between Information Security, Artificial Intelligence ("AI"), and Legacy Information Systems ("LIS"), and subsequently registered that research with the Library of Congress in December 2015. (Compl. at 2–15; Compl. Ex. at 9, ECF No. 1-2). Dr. Aljindi also claims that "prior to [his] scientific discoveries and research findings this knowledge and this property was undiscovered and did not exist to the entire world[.]" (Compl. at 6). Therefore, Dr. Aljindi asserts that any government research into the field "used" his copyrighted property in violation of the Fifth Amendment. (*Id.*).[1] For its part, the United States argues that Dr. Aljindi's taking claim is: (1) time-barred; (2) violates the doctrine of res judicata; (3) can be construed as a tort claim; and (4) not facially plausible and fails to state a claim. (Def.'s Mot. at 4–10). Despite the leniency afforded to pro se plaintiffs, the Court agrees with the United States and addresses each argument in turn.

First, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. Here, Dr. Aljindi alleges that the federal government first "used" his scientific discoveries in October 2016 when a subcommittee for the National Science and Technology Council published "The National [AI] Research and Development Strategic Plan." (Compl. at 6–7; Compl. Ex. at 206–53). However, Dr. Aljindi filed his Complaint on February 14, 2024, which falls outside so the Court cannot hear any claim accruing before February 14, 2018. (Compl. at

---

[1] Dr. Aljindi identifies the following "Fifth Amendment Takings Evidence:" (1) a National Science and Technology Council strategic plan for AI research and development published in October 2016, (Compl. at 6–7; Compl. Ex. at 205–53); (2) an Office of Director of National Intelligence ("ODNI") initiative for "augmenting intelligence using machines" published in January 2019 (Compl. at 7; Compl. Ex. at 254–79); (3) a Department of Defense ("DoD") AI strategy published in February 2019 (Compl. at 8; Compl. Ex. at 280–97); (4) a Department of Justice ("DOJ") data strategy published in February 2019, (Compl. at 7–8; Compl. Ex. at 298–311); and (5) a National Institute of Standards and Technology ("NIST") plan regarding AI published in August 2019, (Compl. at 8–9; Compl. Ex. at 312–364).

6–7; Compl. Ex. at 206–53). Therefore, the Court may hear the claims relating to ODNI, DoD, DOJ, and NIST, but Dr. Aljindi's claim relating to the National Science and Technology Council is time-barred. 28 U.S.C. § 2501.

Second, the Court is bound by the doctrine of res judicata or claim preclusion. *See Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) (explaining the term "res judicata" denotes the concept of claim preclusion); *see also Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014) ("A claim is barred by res judicata when '(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first.'") (quoting *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)). Claim preclusion occurs when "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Acumed LLC*, 525 F.3d at 1323 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979)). Importantly, claim preclusion applies not only to the claims that were brought in that first action, but also to those that could have been brought. *Brain Life LLC v. Elekta, Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014). Put simply, claim preclusion prevents a party from relitigating claims it already or could have brought. *Id.*

In prior litigation,[2] Dr. Aljindi alleged that the United States infringed on his copyright when it "used [his] scientific work about 'Information Security, [AI], and [LIS] without giving him credit." (Def.'s Mot. Ex. 1 at 2, ECF No. 22-1); *Aljindi v. United States*, No. 21-1295C, 2021 WL 4807205, *1–2 (Oct. 15, 2021) ("*Aljindi I*"), *remanded in relevant part* 2022 WL 1464476 at *2 (Fed. Cir. May 10, 2022) ("*Aljindi II*").[3] Although that litigation was primarily for

---

[2] The Court conducted a cursory search on PACER and notes that Dr. Aljindi has also filed the following cases in district court and appeals in the Ninth Circuit against the United States: *Aljindi v. United States*, Case No. 8:18-cv-02301 (C.D. Cal. Jan. 8, 2019); *Aljindi v. United States*, Case No. 8:19-cv-01434 (C.D. Cal. Aug. 5, 2019) (finding Dr. Aljindi's complaint as "similarly infirm" as his previous complaint in *Aljindi*, Case No. 8:18-cv-02301); *Aljindi v. United States*, Case No 19-55926, Doc. No. 13 (9th Cir. Sept. 16, 2019) (appeal dismissed as frivolous); *Aljindi v. United States*, Case No. 8:20-cv-00002, Doc. No. 13 (C.D. Cal. Jan. 24, 2020) (dismissed on the same ground as *Aljindi* Case Nos. 8:18-cv-02301 and 8:19-cv-01434); *Aljindi v. United States*, Case No. 20-55111 (9th Cir. Aug. 7, 2020) (appeal dismissed as frivolous); *Aljindi v. United States*, Case No. 8:2020-cv-00796, Doc. No. 108 (C.D. Cal. Feb. 16, 2021); *Aljindi v. United States*, Case No. 20-55688 (9th Cir. July 23, 2020) (denying motion for reconsideration and specifying that "[n]o further filings will be entertained in this closed case."); *Aljindi v. United States*, Case No. 20-55166 (9th Cir. Aug. 16, 2021) (appeal dismissed as frivolous).

[3] Dr. Aljindi's claims of employment discrimination, theft of intellectual property, and negligence and tort were originally dismissed by this Court. *Aljindi I*. On appeal, the Federal Circuit affirmed dismissal on Dr. Aljindi's claims of employment discrimination and negligence and tort, but remanded-in-part so the Court could consider whether Dr. Aljindi provided the minimum required factual allegations to support a copyright infringement claim. *Aljindi II*. On remand, the Court determined Dr. Aljindi's copyright claims were not facially plausible and explained that a "topic" or "field" of study is not copyrightable, so the Court dismissed his complaint for failure to state a claim. *Aljindi v. United States*, No. 21-1295C, 2022 WL

3

copyright infringement, the Court also determined that Dr. Aljindi failed to state a Fifth Amendment takings claim. *Aljindi I*, at *2 ("Even assuming Plaintiff meant to allege a Fifth Amendment taking of his intellectual property, his allegations are not facially plausible without factual allegations about what the property consisted of, how it was taken, and what the government did with it."), *aff'd in relevant part*, *Aljindi II*, at *3 ("We agree with the trial court that Dr. Aljindi's [takings claim] 'allegations are not facially plausible without factual allegations about what the property consisted of, how it was taken, and what the government did with it.'"); *Aljindi IV*, at *2 n.3 ("[W]e affirmed [the] dismissal of this [Fifth Amendment takings] claim and remanded only for consideration of his copyright infringement claim.").[4]

      Here, Dr. Aljindi is again suing the United States; the parties are identical. (Compl.); *Cunningham*, 748 F.3d at 1179. Further, Dr. Aljindi's previous takings claim reached final judgment on the merits because "[d]ismissals for failure to state a claim upon which relief can be granted are judgments on the merits, and, thus, entitled to res judicata effect." *eVideo Inc. v. United States*, 136 Fed. Cl. 164, 169 (2018), *aff'd* 748 F. App'x 327 (Fed. Cir. 2019); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). As explained above, both this Court and the Federal Circuit determined that Dr. Aljindi's takings claim was not facially plausible and therefore failed to state a claim. *Aljindi I*, at *2; *Aljindi II*, at *3; *Aljindi IV*, at *2 n.3. Accordingly, the Court proceeded to final judgment on the merits of Dr. Aljindi's original takings claim. *Cunningham*, 748 F.3d at 1179.

      Similarly, Dr. Aljindi's present takings claim is based on the same set of transactional facts as his prior litigation in *Aljindi IV*. There, Dr. Aljindi alleged that DoD "used [his] scientific work about [Information Security, AI, and LIS] without giving him credit." (Def.'s Mot. Ex. 1 at 2). On appeal, Dr. Aljindi specified that the "Government used [his] property in ALL formal AI Strategies published by the federal government . . . as [he had] discovered this entire scientific field in its entirety." *Aljindi IV* at *2 (emphasis in original). Although Dr. Aljindi's prior claim initially focused on DoD's publications, he expanded his claim to encompass all federal government publications regarding Information Security, AI, and LIS. *Id.*; (Def.'s Mot. Ex. 1 at 2). That expansion is fatal. As highlighted above, Dr. Aljindi now cites several federal government publications to argue that the United States is again "using" his research. (Compl. at 6–9; Compl. Ex. at 205–364). The Court understands "ALL formal AI Strategies published by the federal government" to include the 2019 publications identified in the present complaint. *Aljindi IV* at *2; (Compl. at 6–9; Compl. Ex. at 205–364).[5] Therefore, Dr. Aljindi is attempting

---

17330006 (Nov. 28, 2022) ("*Aljindi III*"). The Federal Circuit affirmed. *Aljindi v. United States*, No. 2023-1230, 2023 WL 2778689 (Apr. 5, 2023) ("*Aljindi IV*").

[4] To the extent that Dr. Aljindi's present Complaint relies on 28 U.S.C. § 1498(b) and reiterates his prior copyright infringement claim, the Court's claim preclusion analysis applies. *See Aljindi I–IV*. Therefore, the Court declines to address a copyright infringement claim in any detail.

[5] Even if the Court misconstrues Dr. Aljindi's present set of transactional facts, Dr. Aljindi *could have* brought his present claim because he cites publications from 2019 and he filed his initial complaint in 2021. *Brain Life LLC*, 746 F.3d at 1053.

to relitigate claims he already raised with the Court. *Cunningham*, 748 F.3d at 1179. Accordingly, Dr. Aljindi's takings claim is precluded.

Third, this Court lacks jurisdiction over tort claims. 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."). To the extent that Dr. Aljindi's present takings claim can be interpreted as intellectual property theft, the Court lacks jurisdiction to hear it. *Aljindi II* at *2–3 ("We therefore affirm the trial court's determination that it lacks jurisdiction to review Dr. Aljindi's tort claims, including . . . intellectual property theft.").

Fourth, it is well-settled that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. Dr. Aljindi alleges to have discovered the entire scientific field of Information Security, AI, and LIS. (Compl. at 2–15). He also argues that any government publications addressing this field necessarily violate his Fifth Amendment right. (*Id.* At 5 ("[E]verything built on top of [Dr. Aljindi's] taken property is [Dr. Aljindi's] property)). This is unavailing. The United States argues, and the Court agrees, such a claim is "too vague and implausible to survive a motion to dismiss." (Def.'s Mot. At 8). As stated above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.

Further, Dr. Aljindi appears to cherry-pick passages from government publications to show they "used" his research. (Compl. at 7–9). For example, Dr. Aljindi highlights that the NIST publication used the phrase "AI technologies and systems" and continued that IT can be used for "capture, storage, retrieval, processing, display, representation, security, privacy and interchange of data and information." (Compl. at 9). Based on the Court's judicial experience and common sense, it is not plausible that Dr. Aljindi "discovered this entire field in its entirety" and "everything built on top of" Dr. Aljindi's research is his property. (Compl. at 5–6); *Ashcroft*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Nothing provided by Dr. Aljindi even remotely supports his claim that he alone originated the relationship between information security, AI, and LIS. (*See generally* Compl.). Accordingly, Dr. Aljindi's takings claim is not facially plausible and fails to state a claim upon which relief can be granted.

Dr. Aljindi further claims that the SBA intentionally and systematically retaliated against him because he filed several lawsuits[6] and Equal Employment Opportunities ("EEO") claims involving the SBA. (*Id.* at 15–19). Specifically, Dr. Aljindi argues that the SBA intentionally retaliated against him when it denied the application for Economic Injury Disaster Loan ("EIDL") for his small business, AI Net Group LLC. (*Id.* at 15–19). The United States raises a litany of arguments on why the Court lacks jurisdiction over Dr. Aljindi's retaliation claim.

---

[6] Dr. Aljindi cites the following: (1) *Aljindi v. United States*, Case No. 8:20-cv-00796 (C.D. Cal. 2021) ("*Aljindi V*"); (2) *Aljindi I*; and (3) *Aljindi v. United States*, No. 21-1578C, 2021 WL 5177430 (Fed. Cl. Aug. 30, 2021) ("*Aljindi VI*") (assigned to the undersigned).

(Def.'s Mot. at 11–14). Although the Court disagrees with the United States' kitchen sink approach to Dr. Aljindi's retaliation claim, the Court agrees it must be dismissed.

Fundamentally, Dr. Aljindi is alleging that the SBA denied AI Net Group LLC's EIDL application because he asserted his EEO rights in federal courts. (Compl. at 16–17). To support his claim, Dr. Aljindi provided correspondence with the SBA about the loan status and apparent screenshots from the SBA's loan application portal. (Compl. Ex. at 385–414). Even when read liberally, the Court understands Dr. Aljindi's claim to be on behalf of AI Net Group LLC, not Dr. Aljindi as an individual. *Haines*, 404 U.S. at 520–21; (*see* Compl. at 15–19). The Court draws this conclusion because AI Net Group LLC's—not Dr. Aljindi's—EIDL application was denied. (Compl. at 16–17; Compl. Ex. at 385–414).

Critically, under RCFC 83.1, a pro se plaintiff may only represent himself.[7] In fact, RCFC 83.1 explicitly provides that a pro se litigant "may not represent a corporation, an entity, or any other person in any proceeding before this court." Therefore, any claims brought by Dr. Aljindi on behalf of AI Net Group LLC, are barred. *Id.* When a plaintiff fails to comply with this Court's rules, the Court may dismiss the complaint. RCFC 41(b) ("If the plaintiff fails to . . . comply with these rules . . . , the court may dismiss on its own motion[.]"); *e.g., Brewer v. United States*, 150 Fed. Cl. 248, 248–51 (2020) ("[A]s an unrepresented entity, plaintiff is in violation of RCFC 83.1(a)(3). Plaintiff's claims must be dismissed for lack of prosecution pursuant to RCFC 41(b)."). Accordingly, the Court will not address the retaliation claim[8] and must dismiss it for lack of prosecution under RCFC 41(b).

For the stated reasons, the United States' Motion to Dismiss, (ECF No. 22), is **GRANTED**. This matter is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(b)(1), failure to state a claim upon which relief can be granted under RCFC 12(b)(6), and failure to prosecute under RCFC 41(b). Further, Dr. Aljindi's Motion for Summary Judgment, (ECF No. 4) is **DENIED AS MOOT**. Dr. Aljindi's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**. The Clerk is **DIRECTED** to enter judgment accordingly.

The Clerk also is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CLARIFIES** that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Dr. Aljindi is not enjoined from proper post-dismissal filings in this case, nor is Dr. Aljindi required

---

[7] A limited exception exists under RCFC 83.1 for representation of immediate family members. *See Mandry v. United States*, 165 Fed. Cl. 170, 172 (2023) (discussing RCFC 83.1), *aff'd* No. 2023-1693, 2023 WL 7871692 (Fed. Cir. Nov. 16, 2023).

[8] The Court notes that retaliation claims are considered torts. *Baker v. United States*, 642 F. App'x 989, 991 (Fed. Cir. 2016) (identifying retaliation has "long been recognized as [a] tort claim[.]"). Even if this claim were brought on behalf of an individual, as discussed above, the Court lacks subject-matter jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1).

to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge